UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

WORLD FUEL SERVICES, INC.

    Plaintiff,

v.

VALERO MARKETING & SUPPLY COMPANY,

    Defendant.
_____/

**COMPLAINT**

Comes Now, Plaintiff World Fuel Services, Inc., by and through undersigned counsel, to hereby file this action for declaratory relief against Defendant Valero Marketing & Supply Company, and states as grounds for relief the following:

**PARTIES, JURISIDCTION AND VENUE**

1. World Fuel Services, Inc. is part of World Fuel Corporation Marine Group of companies headquartered at 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178.

2. Defendant Valero Marketing & Supply Corp. is a Delaware company with its headquarters and principal place of business at One Valero Way, San Antonio, TX 78249.

3. This is a declaratory judgment action arising out of a maritime contract for the purchase and sale of marine fuel oil ("bunkers") entered into between the Plaintiff and the Defendant and the supply by the Defendant to a third-party charterer of a Motor Tanker known as the CHEM RANGER.

4. Because this is a matter arising out of the provision of marine fuel oil, original subject matter jurisdiction exists under 28 U.S.C. § 1333.

5. Pursuant to the confirmation of contract generated by the Plaintiff and sent to the Defendant, the parties agreed to subject to the jurisdiction of this Court and agreed that the

exclusive venue for such a controversy would be in Miami-Dade County, Florida. A true and correct copy of the Confirmation Order and terms are attached hereto as Exhibit "A"

6. As such, venue is proper pursuant to the venue-provision agreed by the parties and pursuant to 28 U.S.C. § 1391(b)(2)-(3).

7. The Court has personal jurisdiction over the Defendant pursuant to 48.193(1)(a)(1), (6)(b), and (9).

## COUNT I – DECLARATORY JUDGMENT ACTION

8. This is an action to declare the rights and legal position of the parties under 28 U.S.C. § 2201.

9. Plaintiff purchased fuel oil from the Defendant pursuant to a contract between the parties. Exhibit "A"

10. Pursuant to the contract, Defendant delivered the fuel oil in Houston, Texas on or about March 27, 2018 to the Defendant and to the Plaintiff's contractual third-party purchaser's Vessel, the CHEM RANGER (the "Vessel").

11. The charterers of the Vessel reported to the Plaintiff an incident regarding the operation of their main engines while underway several weeks later on or about April 19, 2018.

12. The charterers of the Vessel alleged that the issues related to off-spec fuel supplied to its Vessel from the March 27, 2018 supply set forth above in ¶9-10.

13. This incident was immediately reported by the Plaintiff to the Defendant.

14. Despite requests, the owners/operators/charterers of the Vessel have not provided relevant evidence in their possession to adequately determine whether the fuel was indeed off-spec and whether the fuel provided caused the damages claimed.

15. Nevertheless, despite producing no evidence to support their claims, Chembulk Ocean Transport, LLC, charterer of the Vessel, sued World Fuel Services, Inc. in this Court at

Case No.: 18-cv-24912, a case that remains pending, and for which World Fuel Services, Inc. has filed a Motion to Dismiss.

16. Chembulk Ocean Transport, LLC seeks damages from World Fuel Services, Inc.

17. Upon information and belief, Plaintiff understands Valero will attempt to enforce a one-year time bar against the Plaintiff with respect to any controversy arising out of the supply of the bunkers in this matter.

18. Plaintiff contends such a time bar is inapplicable to the transaction at issue as there were no terms and conditions to this effect that attached to this transaction.

19. There is a genuine dispute on this issue between the parties.

20. World Fuel Services has suffered some actual or threatened injury as a result of the alleged conduct of the Defendant regarding the time bar issue and the allegations of the Charterer regarding the fuel; and this will likely to be redressed by a favorable decision of this Court nullifying any issue with respect to this time bar and allowing the Plaintiff to defend the suit against the Charterer without being forced to take premature action against Valero.

21. Plaintiff commences this suit because it is unsure about its rights vis-à-vis Valero including any possible asserted one-year time bar.

22. Furthermore, without evidence in its possession to assert a breach of contract action against Valero at this time, this filing is made to ask the Court to further declare the rights of the parties with respect to the transaction and any procedural or substantive mechanism to toll the filing of a Complaint regarding alleged claims brought by Chembulk Ocean Transport, LLC against World Fuel Services, Inc.

23. World Fuel Services, Inc. requests this Court declare the rights and other legal relations of the parties to this action pursuant to 28 U.S.C. §2201.

WHEREFORE, because there is a substantial controversy, because the parties have adverse legal interests, because of the issues surrounding the time bar controversy there immediacy and reality to warrant the issuance of a declaratory judgment.

Dated: March 26, 2019

Respectfully submitted,

**WAGNER LEGAL**
Attorney for Defendant/Counter-Claimant
3050 Biscayne Blvd., #904
Miami, FL 33137
Telephone: (305) 768-9247
Facsimile: (305) 306-8598
By: /s/ Scott A. Wagner
Scott Wagner, Esq.
Florida Bar No. 10244
sw@WagnerLegalCo.com